[Civ. No. 10701. First Appellate District, Division Two.—June 29, 1938.]

KIMINORI NOZAWA, a Minor, etc., et al., Appellants, v. JOHN GORDON COLE, Respondent.

Jesse A. Mueller and Russell C. Westover, Jr., for Appellants.

Hutchinson & Green and J. Albert Hutchinson for Respondent.

NOURSE, P. J.—In an action for damages for personal injuries, brought by a minor and his guardian, the cause was tried by the court without a jury. Findings of fact were made that there was no negligence on the part of the defendant, and that the proximate cause of the injuries was the contributory negligence of the minor plaintiff. In his appeal from the judgment this plaintiff indirectly attacks these

findings, though conceding that the evidence on both issues is conflicting. He states three questions as those involved in the appeal—whether the conduct of the defendant is negligence "as a matter of law", whether the conduct of the plaintiff is contributory negligence "as a matter of law", and whether a minor of seven and one-half years of age can be guilty of contributory negligence "as a matter of law". Each of the three questions raises a false issue. We are not concerned with whether any of these circumstances constitute negligence "as a matter of law". Each presents a simple question of fact which the trial court determined adversely to appellant. On this appeal our only concern can be whether there is substantial competent evidence supporting the findings.

The respondent's evidence, supported by competent testimony, is that he was driving his automobile in a careful and prudent manner, and that the appellant suddenly ran from behind a building and into the highway directly within the path of the automobile. On the issue of contributory negligence, the respondent showed that the appellant did not stop at the curb and did not look for approaching traffic. Two other cars were close to respondent's, running in the same direction. Occupants of these cars confirmed the respondent's version of the accident in every essential detail. There was scarcely any conflict but, such as there was, related to immaterial details and was resolved in favor of respondent. This leaves nothing to be argued here upon these issues of negligence.

The question of the capacity of youth to appreciate dangers of this character is one left primarily to the trial court. No facts are asserted here to show error on the part of the court. As we have said, it is not a question whether a child of a given age is guilty of contributory negligence "as a matter of law". It is a question of fact to be determined in the light of all the facts and circumstances of each case. No error is claimed and we find none.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.